**Carolyn ABRAMS, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 01–348C.

United States Court of Federal Claims.

Aug. 4, 2003.

Ira M. Lechner, Escondido, California, for plaintiffs.

Leslie Cayer Ohta, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

**OPINION AND ORDER**

HODGES, Judge.

Plaintiffs are healthcare personnel who receive premium pay for working nights, weekends, and holidays. Defendant has not paid plaintiffs such premiums when they have taken annual leave or sick leave. Plaintiffs move to certify a class of workers whom the Government has denied premium pay in such circumstances. We must deny certification because plaintiffs do not meet the requirements of Rule 23 or related case law in this court.

**DISCUSSION**

**I.**

Plaintiffs are registered nurses, nurse anesthetists, licensed practical or vocational nurses, physician assistants, dental assistants, nurses assistants, pharmacists, certified or registered respiratory therapists, licensed physical therapists, and occupational therapists. Potential additional class members include others who work at hospital facilities, such as security personnel.

The Government pays plaintiffs and certain other healthcare employees premiums

for working nights and weekends or holidays on a regular basis. *See* 38 U.S.C. §§ 7453 and 7454; *see also* 5 U.S.C. §§ 5545(a) and 5546(a). Plaintiffs do not receive premium pay when on annual leave or taking sick leave. The Government acknowledges liability for back pay to some members of the proposed class. *See Lanehart v. Horner,* 818 F.2d 1574 (Fed.Cir.1987) ("leave with pay" statutes prohibit reducing federal employees' compensation when they are excused from duty for annual leave and sick leave).

## II.

■ This court has broad discretion to certify class actions. RCFC 23. Rule 23 adopts the criteria for certifying class actions set forth in *Quinault Allottee Ass'n. v. United States,* 197 Ct.Cl. 134, 453 F.2d 1272 (1972). *See* Rules Committee Note RCFC 23. The standards for certification are whether (1) the potential class is large but manageable; (2) a common question of law is present; (3) common legal issues predominate over factual issues; (4) plaintiffs' claims are typical of the claims of the class; (5) the Government has treated the entire class similarly; (6) individual claims are so small that it is unlikely a member would pursue it otherwise; (7) plaintiffs will protect the interests of the class; and (8) prosecution of individual actions could cause inconsistent results. *See Quinault,* 453 F.2d at 1276. Plaintiffs must meet all the criteria. *Banner v. United States,* 38 Fed.Cl. 700, 703 (1997) (quoting *Buchan v. United States,* 27 Fed.Cl. 222, 224 (1992)).

## III.

■ Plaintiffs estimate that eighteen-hundred employees could join the class, and that joinder or consolidation would be impractical. They contend that the class would be manageable because government records would identify employees entitled to premium pay. Defendant agrees that the class is sufficiently large, but not that it is manageable. Class members are not easily identifiable, and they are scattered geographically. Some have retired. Plaintiffs' description of class members as employees who "hold a position which involves health care responsibilities" is itself vague and unmanageable. Forty employees are named members of the class, but plaintiffs' counsel wishes to add other hospital workers, such as security personnel.

The Government admits that it does not give premium pay to members of the proposed class when they are on leave or excused from duty on official holidays. The common legal issue affecting the proposed class is whether relevant federal statutes apply in such circumstances. Defendant argues that violation of a statute does not necessarily create a common legal issue for class action. Each claimant must show a sufficient basis for determining damages. *Willems Indus., Inc. v. United States,* 155 Ct.Cl. 360, 295 F.2d 822, 831 (1961).

Defendant has conceded the common legal issue, so calculation of damages is the only issue that remains. Plaintiffs argue that personnel records will provide the information needed to calculate individual damages, or the parties could negotiate a formula for averaging damages. *See, e.g., Moore v. United States,* 41 Fed.Cl. 394, 399 (1998); *Hannon v. United States,* 31 Fed.Cl. 98, 103 (1994). Defendant responds that each individual must prove that the Government gave him or her premium pay regularly for work on nights, weekends, and holidays, but it did not pay premiums during leave. These are separate factual determinations for members of the class. *See Black v. United States,* 24 Cl.Ct. 471, 477 (1991) (court denied certification because individual claimants had the burden of proving entitlement).

Plaintiffs argue that named plaintiffs may have had duties different from other members of the class, but the nature of their duties is irrelevant if all members are entitled to additional pay pursuant to 5 U.S.C. §§ 5545(a) and 5546(a)-(b). Defendant's uniform denial of proper compensation to class members satisfies the requirement that the Government's actions apply to the entire class, according to plaintiffs. Defendant responds that each plaintiff has taken a different amount of authorized annual leave. Plaintiffs must prosecute their claims individually.

This court has considered the size of potential awards in deciding whether to certify

a class. *See, e.g., Hannon,* 31 Fed.Cl. at 103–104. That is, whether individual claims are so small that affected employees would be unlikely to pursue them. Plaintiffs did not include claim amounts in their original motion to certify, but defendant believes that significant monetary damages are possible. Plaintiffs assert that the claims average about $542 per year, per plaintiff. Most individuals would not sue for this amount.

Plaintiffs must show that they will protect the interests of the class, and that individual prosecution of the claims could lead to inconsistent rulings. The parties have not elaborated on these standards, except to point out most individuals would sue the United States in this court. Plaintiffs allege that they can protect the interests of the class without conflicts of interest. Defendant does not dispute this allegation and we accept it as true.

## IV.

Plaintiffs have not met the criteria for certifying a class action. Their counsel proposes a larger class made up of other hospital workers who qualify for premium pay. A class of healthcare workers may meet the test of being large but manageable. If plaintiffs add all hospital workers, the class may not be manageable. Three *Quinault* standards raise the problem of proving damages individually: legal issues must predominate, plaintiffs' claims must be typical of class claims, and the Government must have treated the entire class the same.

The Government has admitted liability for some back pay, so factual issues will be crucial to determining damages. Members of the class must prove that they qualified according to applicable statutes, and that they received premium pay regularly for work on nights, weekends, and holidays. Then, each employee must show that he or she did not receive premium pay for days that the statutes covered. *See* 38 U.S.C. §§ 7453 (nurses) and 7454 (physician assistants and other healthcare professionals). Defendant could agree to stipulations that would make a class action practical. Without such an agreement, the court would be responsible for making separate factual determinations for each plaintiff.

## CONCLUSION

Plaintiffs' motion for class certification is DENIED. The parties have represented that a ruling on this issue will facilitate settlement. We are available at any time to assist in this effort. Counsel will contact the court by August 13 to report on progress, or to schedule a status conference.